1  THERESA A. KADING (SBN 211469)
   Email: tkading@kadingbriggs.com
2  STANLEY G. STRINGFELLOW II (SBN 259047)
   Email: sgs@kadingbriggs.com
3  KADING BRIGGS LLP
   100 Spectrum Center Drive, Suite 800
4  Irvine, California 92618
   Telephone: (949) 450-8040
5  Facsimile: (949) 450-8033

6  Attorneys for Defendant
   GENERAL SCIENTIFIC CORPORATION
7

8

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11

12  JENNIE BENNETT, an individual,        CASE NO.:_____

13              Plaintiff,                [Los Angeles County Superior Court
                                          Case No: 22LBCV00069]
14        vs.
                                          **DEFENDANT GENERAL**
15  GENERAL SCIENTIFIC                    **SCIENTIFIC CORPORATION'S**
    CORPORATION, a Michigan               **NOTICE OF REMOVAL OF**
16  corporation, dba SURGITEL; and        **ACTION TO UNITED STATES**
    DOES 1 through 50, inclusive,         **DISTRICT COURT PURSUANT TO**
17                                        **28 U.S.C. §§ 1332, 1441, AND 1446**
              Defendants.                 **(DIVERSITY)**
18

19

20

21

22

23

24

25

26

27

28

519722

1
2

# **TABLE OF CONTENTS**

**PAGE NO.**

3  I.    THE STATE COURT ACTION AND PROCEDURE OF REMOVAL ......5

4  II.   JURISDICTION ........................................................................................5

5  III.  DIVERSITY OF CITIZENSHIP ................................................5

6       A.    Plaintiff Is a Citizen of California.........................................6

7       B.    Defendant is a Citizen of Michigan. ....................................7

8  IV.  THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.......................8

9       A.    Plaintiff's Complaint Inferentially Pleads Damages in Excess of the $75,000 Threshold. ................................8

10

11       B.    Jury Verdicts Establish that Discrimination and Retaliation Claims Regularly Result in Damage Awards in Excess of $75,000................................................11

12  V.   PROCESS, PLEADINGS, AND ORDERS..................................12

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**PAGE NO.**

## FEDERAL CASES

*Abrego v. Dow Chemical Co.*,
443 F. 3d 676 (9th Cir. 2006).........................................................................8

*Avila v. Kiewit Corp.*,
No. CV 19-5740-MWF-JPR,
2019 WL 4729641, at *6 (C.D. Cal. Sep. 26, 2019)....................................10

*Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*,
465 F. 2d 489 (9th ir.1972) .............................................................................8

*Castanon v. Int'l Paper Co.*,
No. 2:15-CV-08362-ODW (JC),
2016 WL 589853, at *4 (C.D. Cal. Feb. 11, 2016)......................................11

*Chavez v. JPMorgan Chase & Co.*,
888 F.3d 413 (9th Cir. 2018)............................................................................8

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
135 S.Ct. 547 (2014) .......................................................................................8

*Fritsch v. Swift Trans. Co. of Ariz., LLC*,
899 F.3d 785 (9th Cir. 2018)............................................................................9

*Garfias v. Team Industrial Services, Inc.*,
No. LA CV17-04282 JAK (AGRx),
2017 WL 4512444, at *5 (C.D. Cal. Oct. 10, 2017) .....................................10

*Gibson v. Chrysler Corp.*,
261 F.3d 927 (9th Cir. 2001)............................................................................8

*Harris v. Rand*,
682 F3d 846 (9th Cir. 2012).............................................................................7

*Hertz Corp. v. Friend*,
559 US 77 (2010) .............................................................................................7

*Langston v. T-Mobile US, Inc.*,
No. LACV1801972JAKASX,
2018 WL 2382464, at *4 (C.D. Cal. 2018)......................................................8

*Lew v. Moss*,
797 F.2d 747 (9th Cir. 1986)............................................................................6

*Kanter v. Warner-Lambert Co.*,
265 F.3d 853 (9th Cir. 2001)............................................................................6

*Middleton v. Stephenson*,
749 F. 3d 1197 (10th Cir. 2014).......................................................................6

*Mitchell v. United States*,
88 U.S. 350 (1874) ...........................................................................................6

519722

## TABLE OF AUTHORITIES (cont'd)

**PAGE NO.**

**FEDERAL CASES**

*Mondragon v. Capital One Auto Finance,*
  776 F.3d 880 (9th Cir. 2013)............................................................6

*Navarro v. DHL Glob. Forwarding,*
  No. 215CV05510CASEX,
  2018 WL 2328191, at *5 (C.D. Cal. May 21, 2018) .................................11

*Sasso v. Noble Utah Long Beach, LLC,*
  No. CV 14-09154-AB (AJWx),
  2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015) .......................................10

*Simmons v. PCR Technology,*
  209 F. Supp. 2d 1029 (N.D. Cal. 2002) ..................................................8, 11

**STATUTES**

28 U.S.C. Section 1332..........................................................................5, 7

28 U.S.C. Section 1441(b)......................................................................5, 7

28 U.S.C. Section 1446..........................................................................5

California Civil Code Section 85...............................................................10

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA:

**PLEASE TAKE NOTICE THAT** Defendant General Scientific
Corporation, by its attorneys, and pursuant to 28 U.S.C. Sections 1332, 1441(b),
and 1446, hereby gives notice of removal of this action to the United States District
Court for the Central District of California, and in support states:

## I.       THE STATE COURT ACTION AND PROCEDURE OF REMOVAL

On or about February 16, 2022, Plaintiff filed a Complaint against Defendant
in the Superior Court of California, County of Los Angeles, alleging multiple
causes of action arising from or related to Plaintiff's employment with Defendant
and the termination of that employment. Plaintiff's Complaint was assigned Case
No. 22LBCV00069. A true and correct copy of Plaintiff's Complaint is attached as
Exhibit A and copies of other documents filed in Los Angeles County Superior
Court are also attached hereto as Exhibits C through H.

Defendant was first served with process in this matter by email on March 9,
2022, which service Defendant acknowledged as if by mail on that date.
Defendant's Notice and Acknowledgement of Receipt is attached hereto as
Exhibit B.

This notice is made and filed timely pursuant to 28 U.S.C. Section 1446.

## II.      JURISDICTION

This is a civil action that may be removed to the instant Court by Defendant
pursuant to 28 U.S.C. Section 1441(b), in that Plaintiff and Defendant are citizens
of different states and it is an action in which the amount in controversy exceeds
$75,000.

## III.     DIVERSITY OF CITIZENSHIP

For the reasons discussed below, for purposes of 28 U.S.C. section 1332,
there is complete diversity between Plaintiff and Defendant.

519722

1

### A.     Plaintiff Is a Citizen of California.

For diversity purposes, citizenship of an individual is determined by the individual's domicile at the time that the lawsuit is filed. *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Determining an individual's domicile involves a number of factors, including current residence, place of employment, voting registration and voting practices, location of personal and real property, location of bank accounts, location of spouse and family, membership in unions and other organizations, driver's license and automobile registration, and payment of taxes. *Lew*, 77 F.2d at 750. Furthermore, "a person's old domicile is not lost until a new one is acquired." *Id*. In other words, a "domicile, once established, remains the same." *Middleton v. Stephenson*, 749 F. 3d 1197, 1200 (10th Cir. 2014), *citing Mitchell v. United States*, 88 U.S. 350, 353 (1874) ("A domicile once acquired is presumed to continue until it is shown to have been changed.").

Plaintiff is domiciled in the state of California. In her Complaint, Plaintiff alleges that Defendant "employed [her] in Los Angeles, California," from April 2014 to July 2021, a period of more than seven years. Ex. A, Compl., ¶¶ 2, 14, 17. Moreover, she has filed her civil action in the Superior Court of California for the County of Los Angeles and has claimed protection under laws of the State of California, explicitly California Government Code Section 12940 *et seq.* (the Fair Employment and Housing Act), the California Labor Code, and California Business and Professions Code Section 17200 *et seq.* Given these facts, for diversity purposes, Plaintiff is a citizen of California. *See, e.g., Lew,* 797 F. 2d at 751 (party who had lived seven years straight in California was presumed domiciled in California despite declaration of recent residence in Hong Kong); *Mondragon v. Capital One Auto Finance*, 776 F.3d 880 (9th Cir. 2013) (holding that, in

519722

connection with removal to federal court, a person's continuing domicile in a state establishes citizenship "unless rebutted with sufficient evidence of change").

## B.   Defendant is a Citizen of Michigan.

For purposes of diversity jurisdiction, corporations are "deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  "Principal place of business" means "the place where the corporation's high level officers direct, control and coordinate the corporation's activities," often referred to as the corporation's "nerve center."  *Hertz Corp. v. Friend,* 559 US 77, 80-81, 92-93 (2010) (rejecting all prior tests in favor of "nerve center" test); *Harris v. Rand* 682 F3d 846, 851 (9th Cir. 2012).

Defendant is a corporation organized and existing under the laws of the state of Michigan.  Moreover, all of its high level officers (including but not limited to Byung Jin Chang and Sharon Chang) are located in Ann Arbor, Michigan.  Based on the "nerve-center test," Defendant's principal place of business is also inarguably Michigan.[1]  Accordingly, Defendant is a citizen of Michigan.[2]

---

[1] Plaintiff contends in her Complaint "that a substantial predominance of [its] business activity is conducted in California, County of Los Angeles."  Exh. A, Compl., ¶ 2.  Though not relevant to establish diversity, Plaintiff is mistaken—only roughly 9% of Defendant's gross revenues are produced by sales in the State of California.

[2] The citizenship of fictitious "Doe" defendants is disregarded for removal purposes.  *See* 28 U.S.C. § 1441(b)(1).  Notwithstanding, all known *potential* Doe defendants (*i.e.*, those individuals identified by name in Plaintiff's Complaint) are likewise diverse:  Byung Jin Chang and Sharon Chang, alleged by Plaintiff to be co-owners of Defendant and to have been actively involved in the matters of which Plaintiff complains, are both residents of the state of Michigan; Greg Smith, alleged by Plaintiff to have been her manager and to have been actively involved in the matters of which she complains, is a resident of the state of Massachusetts; no agent or employee of Defendant involved in making decisions regarding Plaintiff's hiring, the terms and conditions of her employment, or her termination is a resident of the state of California.

## IV. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

An action may be removed if the defendant is not only diverse but also establishes that the aggregate amount in controversy exceeds $75,000. *See Abrego v. Dow Chemical Co.*, 443 F. 3d 676, 683 (9th Cir. 2006); *Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F. 2d 489, 491 (9th Cir.1972).

Plaintiff's Complaint does not allege an amount of damages. However, "when removal is based on diversity of citizenship, and the complaint does not state an amount in controversy, the defendant's notice of removal may do so." *Langston v. T-Mobile US, Inc.*, No. LACV1801972JAKASX, 2018 WL 2382464, at *4 (C.D. Cal. 2018), *citing Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 550, 551 (2014). The defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart, supra,* at 554.

Based upon Plaintiff's allegations, the amount at issue in this case plausibly exceeds $75,000.00, both when taking into account lost wages, general and punitive damages, and attorney's fees, as well as when looking at jury verdicts in single plaintiff discrimination actions.

### A. Plaintiff's Complaint Inferentially Pleads Damages in Excess of the $75,000 Threshold.

Plaintiff seeks to recover compensatory damages in the form of both future and past lost income, general damages, punitive damages, and attorneys' fees, all of which, when aggregated, place more than $75,000 is in controversy. Exh. A, Compl., *e.g.,* ¶¶ 83-86, Prayer for Damages, ¶¶ 1-4. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417-18 (9th Cir. 2018) (holding that it was appropriate to consider lost future wages in assessing whether the amount in controversy was satisfied on removal); *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002) ("emotional distress damages may be considered when calculating the amount in controversy even where not clearly pled in the complaint"); *Gibson v.*

519722

1  *Chrysler Corp.,* 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that
2  punitive damages are part of the amount in controversy in a civil action."); *Fritsch*
3  *v. Swift Trans. Co. of Ariz., LLC*, 899 F.3d 785, 794–95 (9th Cir. 2018) (attorneys'
4  fees properly considered in removal analysis).

6      Lost Income (future and past) = $48,000 minimum
7      Plaintiff did not disclose the amount of her earnings.  Accordingly, for
8  purposes of removal analysis, Defendant assumes Plaintiff earned minimum wage
9  ($14/hour), that she worked full-time (40 hours/week), and that trial of her claims
10 will be set one year from now (April 2023), a period of approximately 20 months
11 from the date of her separation on July 5, 2021.[3]

13 $14/hr * 40 hrs/wk * 52 wks/yr / 12 mos/yr = $2,425/mo * 20 mos. = $48,500

15     General / Emotional Distress Damages = $25,000 minimum
16     Although Plaintiff claims emotional distress damages with respect to each of
17 her statutory and common law tort causes of action for discrimination and

---

[3] It is hard to imagine that Plaintiff, who admits that she worked for Defendant for
more than seven years and contends that she "was one of the few employees asked
to come back to work due to her exemplary work ethic and strong sales numbers,"
Exh. A, Compl., ¶¶ 17, 29, would only earn minimum wage and not an amount at
least several multiples higher.  Indeed, upon hire *eight years ago,* Plaintiff was
advised that her anticipated yearly earnings for the first year alone would be
between $85,000 and $90,000.  Assuming she could expect to earn no more than
the lower amount, $85,000, her past and future income loss to April 2023 would
alone put more than $75,000 in controversy—$85,000/yr / 12 mos/yr = ~$7,080/mo
* 20 months = $141,600.

It is also difficult to imagine this matter going to trial in 12 months' time, with the
general COVID-induced backlog California courts in general are experiencing.
Nevertheless, for purposes of this analysis, both assumptions will suffice to
demonstrate that the amount in controversy exceeds $75,000.

519722

retaliation, *see* Exh. A, Compl., ¶¶ 48, 61, 73, 84, 94, she explicitly alleges in support of her first cause of action for alleged violation of Labor Code Section 1102.5 that she "has suffered special and general damages in an amount in excess of the minimum jurisdiction of this court." *See* Exh. A, Compl., ¶ 48.  The minimum jurisdiction of a California Superior Court of unlimited jurisdiction is $25,000.  *See* Cal. Civ. Code § 85 *et seq.*  If Plaintiff were to prevail on her claims, she would certainly contend she is entitled to more but, for purposes of removal analysis, Defendant assumes Plaintiff places only this amount in controversy.

Punitive Damages = $25,000 minimum

Setting aside that punitive damages awards are often many multiples of plaintiffs' general damages, courts of the Central District of California have applied a minimum "1:1 ratio with compensatory damages" when "assessing the amount in controversy requirement." *Garfias v. Team Industrial Services, Inc.*, No. LA CV17-04282 JAK (AGRx), 2017 WL 4512444, at *5 (C.D. Cal. Oct. 10, 2017).  Using the even more conservative general damages amount, Plaintiff's minimum potential recovery for punitive damages, should she prevail, is $25,000.

Attorneys' Fees = $30,000 minimum

As a sister court in the Central District observed, "a number of courts have held that 100 hours and an hourly rate of $300 is an appropriate and conservative estimate for employment cases." *Avila v. Kiewit Corp.*, No. CV 19-5740-MWF-JPR, 2019 WL 4729641, at *6 (C.D. Cal. Sep. 26, 2019) (citing *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB (AJWx), 2015 WL 898468, at *6

(C.D. Cal. Mar. 3, 2015), and *Castanon v. Int'l Paper Co.*, No. 2:15-CV-08362-ODW (JC), 2016 WL 589853, at *4 (C.D. Cal. Feb. 11, 2016)).[4]

Based on the foregoing *very conservative* assumptions, and without considering any of Plaintiff's wage-and-hour claims, Plaintiff has placed a minimum of $128,000 in controversy, which more than satisfies the minimum jurisdictional amount for diversity.

### B.  Jury Verdicts Establish that Discrimination and Retaliation Claims Regularly Result in Damage Awards in Excess of $75,000.

Plaintiff brings claims for: (i) whistleblower retaliation under Labor Code Section 1102.5; (ii) pregnancy discrimination under the FEHA; (iii) retaliation under the FEHA; (iv) failure to prevent discrimination under the FEHA; (v) wrongful termination in violation of public policy; (vi) failure to reimburse business expenses under Labor Code Section 2802; (vii) failure to pay earned wages under Labor Code Section 204; (viii) failure to provide accurate wage statements under Labor Code Section 226; (ix) waiting time penalties under Labor Code Section 203; and (x) unfair and unlawful business practices under Business and Professions Code Section 17200 *et seq.  See generally* Ex. A, Compl.

When successful, employment claims, such as the claims asserted by Plaintiff, frequently result in jury verdicts in excess of $75,000 (exclusive of attorneys' fees).  To establish the amount in controversy, which can include both compensatory and punitive damages, a removing defendant "may introduce evidence of jury verdicts in cases involving analogous facts." *Simmons,* 209 F. Supp. 2d at 1033-34 (finding it proper to consider evidence from various jury

---

[4] Certainly the Court is cognizant of the potential for attorneys' fees to be significantly larger. *See, e.g., Navarro v. DHL Glob. Forwarding*, No. 215CV05510CASEX, 2018 WL 2328191, at *5 (C.D. Cal. May 21, 2018), *appeal dismissed*, No. 17-56662, 2018 WL 6722404 (9th Cir. Nov. 6, 2018) (awarding plaintiff over $600,000 in fees for over 1,000 hours of attorney work in employment discrimination action).

verdict reporters to establish the amount in controversy).  The following jury verdicts are illustrative of amounts that are awarded for emotional distress damages alone in similar cases:

- *Edwards v. J.K. Residential Services Inc.*, Superior Court, Los Angeles County, Case No BC500655 (December 6, 2016):  the jury awarded more than $44,500 in emotional distress damages to a plaintiff who took a pregnancy leave under the CFRA and was terminated shortly after returning from leave.  *See* RJN ¶ 1, Ex. A.

- *Preciado v. Alfaqir Inc, et al.*, Superior Court, San Bernardino County, Case No. CIVRS-13-07108 (October 19, 2016): the jury awarded $150,000 in emotional distress damages to a plaintiff whose employment was terminated after he returned from a leave of absence under the CFRA to care for his wife.  *See* RJN ¶ 2, Ex. B.

- *Gomez v. Magco Drilling Inc.*, Los Angeles County Superior Court, Case No. BC534017 (September 24, 2015): the jury awarded the plaintiff $45,000 for pain and suffering for disability discrimination and failure to accommodate. *See* RJN ¶ 3, Exh. C.

- *Ko v. The Square Group LLC*, Los Angeles County Superior Court, Case No. BC487739 (June 16, 2014):  the jury awarded the plaintiff $125,000 in pain and suffering damages after finding that the defendant terminated her employment when she requested time off work to treat a kidney infection. *See* RJN ¶ 4, Exh. D.

These jury verdicts highlight the fact that Plaintiff has placed more than $75,000 in controversy in this action.

Accordingly, for all of the reasons discussed above, the amount in controversy significantly exceeds $75,000.

## V.    PROCESS, PLEADINGS, AND ORDERS

- Attached hereto as Exhibit "A" is a true and correct copy of the

Complaint, filed with the Superior Court of the State of California in and for the County of Los Angeles on February 16, 2022.

- Attached hereto as Exhibit "B" is a true and correct copy of the signed Notice and Acknowledgment of Receipt—Civil, indicating that Defendant was served with the Complaint effective March 9, 2022.

- Attached hereto as Exhibit "C" is a true and correct copy of the Summons on General Scientific Corporation, a Michigan corporation, dba Surgitel, filed on February 16, 2022.

- Attached hereto as Exhibit "D" are true and correct copies of the Civil Case Cover Sheet and the Civil Case Cover Sheet Addendum and Statement of Location, filed on February 16, 2022.

- Attached hereto as Exhibit "E" is a true and correct copy of the Notice of Case Assignment in the state court action dated February 16, 2022.

- Attached hereto as Exhibit "F" is a true and correct copy of the Notice of Case Management Conference in the state court action dated February 17, 2022.

- Attached hereto as Exhibit "G" is a true and correct copy of the notice of Order to Show Cause Hearing in the state court action dated February 17, 2022.

- Attached hereto as Exhibit "H" is a true and correct copy of Plaintiff's Proof of Service filed in the state court action representing that the Summons and Complaint were electronically served on Defendant on dated March 9, 2022.

Defendant is informed and believed that Exhibits "A" through "H" constitute all the process, pleadings, and/or orders served upon it in this action.

On this day, or no later than the next business day, notice of this removal is being given to both Plaintiff and to the Clerk of the Los Angeles County Superior Court.  True and correct copies of these notices are attached hereto as Exhibits "I"

519722

13

and "J," respectively.  The proof of service of the Notice to Adverse Party of Removal will be filed with this Court immediately after the Notice is served on Plaintiff and the Superior Court filing is accomplished.

WHEREFORE, Defendant hereby gives notice of removal of the Los Angeles County Superior Court Case No. 22LBCV00069 to the United States District Court for the Central District of California and respectfully requests that all future proceedings be held in this Court.

DATED:  April 6, 2022            KADING BRIGGS LLP


By: _____
        THERESA A. KADING

Attorneys for Defendant
GENERAL SCIENTIFIC CORPORATION

519722

EXHIBIT "A"

# EXHIBIT "A"

Assigned for all purposes to: Governor George Deukmejian Courthouse, Judicial Officer: Michael Vicencia
Electronically FILED by Superior Court of California, County of Los Angeles on 02/16/2022 02:36 PM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Ballesteros,Deputy Clerk

1   ODELL LAW, PLC
    Robert A. Odell (SBN 286488)
2   rob@odelllaw.com
    Claudette Villicaña (SBN 325669)
3   cvillicana@odelllaw.com
    1 Park Plaza, Suite 600
4   Irvine, California 92614
    Telephone: (949) 833-7105
5   Fax: (949) 852-4480

6   Attorneys for Plaintiff
    JENNIE BENNETT

7

8

9                  SUPERIOR COURT FOR THE STATE OF CALIFORNIA

10                 COUNTY OF LOS ANGELES – UNLIMITED CIVIL

11

12  JENNIE BENNETT, an individual,          Case No. **22LBCV00069**

            Plaintiff,                       **COMPLAINT FOR DAMAGES**
13
            vs.
14                                           1. WHISTLEBLOWER RETALIATION
    GENERAL SCIENTIFIC CORPORATION, a           [California Labor Code § 1102.5]
15  Michigan corporation, dba SURGITEL; and
    DOES 1 through 50, inclusive,            2. SEX DISCRIMINATION (PREGNANCY)
16                                              [Gov. Code § 12940(a); 12926(q)];
            Defendants.
17                                           3. RETALIATION IN VIOLATION OF
                                                FEHA [Gov. Code § 12940 et seq.];
18
                                             4. FAILURE TO PREVENT
19                                              DISCRIMINATION AND
                                                HARASSMENT [Gov. Code §12940 et
20                                              seq.];

21                                           5. WRONGFUL TERMINATION IN
                                                VIOLATION OF PUBLIC POLICY;
22
                                             6. FAILURE TO REIMBURSE EMPLOYEE
23                                              EXPENSES [Cal. Lab. Code § 2802]

24                                           7. FAILURE TO PAY EARNED WAGES
                                                [Violation of California Labor Code § 204;
25                                              IWC Wage Order];

26                                           8. FAILURE TO PROVIDE ACCURATE
                                                ITEMIZED WAGE STATEMENTS [Cal.
27                                              Lab. Code § 226]

28                                           9. WAITING TIME PENALTIES [Cal. Lab.
                                                Code §203]

                                            10. VIOLATION OF BUSINESS &
                                                PROFESSIONS CODE § 17200 et seq.

                                                **DEMAND FOR JURY TRIAL**

                          - 1 -        COMPLAINT FOR DAMAGES

**PARTIES**

1.     Plaintiff JENNIE BENNETT (hereinafter "Ms. Bennett" or "Plaintiff") is, and at all times mentioned herein was an employee of Defendant GENERAL SCIENTIFIC CORPORATION, doing business as SURGITEL, (hereinafter "Defendant" or "SURGITEL"). Defendant employed Plaintiff and at all times during her employment, Plaintiff was fully qualified for her position and was performing her job duties well.

2.     Plaintiff alleges on information and belief that Defendant SURGITEL is a Michigan corporation, registered and existing under the laws of the State of Michigan and employed Plaintiff in Los Angeles, California. Plaintiff further alleges on information and belief that Defendant SURGITEL, at all relevant times mentioned herein, was and currently is licensed to do business in California and was and is currently conducting business throughout California. Plaintiff further alleges on information and belief that at all times mentioned herein, Defendant SURGITEL's business activities in the State of California were significant and that a substantial predominance of its' business activity is conducted in California, County of Los Angeles.  As such, Defendant SURGITEL is a citizen of California.

3.     Plaintiff alleges on information and belief that Defendants DOES 1 through 20 were and are corporations or other business entities, which were authorized to and did business in Los Angeles County, California.  Plaintiff further alleges on information and belief that at all times mentioned herein, Defendants DOES 1 through 20's business activities in the State of California were and are substantially greater than their business activities in any other state or country, and that a substantial predominance of their business activity is conducted in California. As such, Defendants DOES 1 through 20 are citizens of California.

4.     Plaintiff alleges on information and belief that Defendants DOES 21 through 50 were and are individuals who at all relevant times herein were and are employees, managers, supervisors, managing agents or officers of Defendant, having the actual or apparent authority to participate in or recommend decisions affecting Plaintiff's job benefits and employment status.  Plaintiff further alleges that at all times herein mentioned, Defendants DOES 21 through 50 were in the chain of

COMPLAINT FOR DAMAGES

command over Plaintiff and had sufficient actual or reasonably perceived power or control or direction in the work environment of Plaintiff so as to significantly affect Plaintiff's employment status.

5.     Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when the names are ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants are responsible in some manner for the occurrences, discriminatory and wrongful acts alleged herein, and that Plaintiff's damages alleged herein were proximately caused by these defendants.  Defendant SURGITEL, and DOES 1 through 50 inclusive, may be collectively referred to herein as "Defendants."

6.     Plaintiff is informed and believes and thereon alleges that, each of the Defendants was the agent and employee of each of the remaining Defendants, and in doing some of the things hereinafter alleged, was acting within the scope and course of such agency.  Plaintiff further alleges that the acts and conduct of said Defendants, as hereinafter alleged, were intentional, harassing and/or retaliatory.

7.     Plaintiff is informed and believes and thereon alleges that at all relevant times herein, Defendants were the agents, employees, and/or joint ventures of, or working in concert with the other Defendants, and were acting within the course and scope of such agency, employment, joint venture and/or concerted activity. To the extent that said conduct and omissions were perpetrated by Defendants and their agents, Defendants confirmed and ratified said conduct and omissions.

8.     At all times mentioned herein, Defendants, and DOES 1 through 20, and each of them, were the agents, servants, and alter-egos of each other, and as such, the acts of one defendant are considered the acts of all defendants. Plaintiff is informed and believes, and thereon alleges, that there is such unity of interests and ownership between these defendants that separate status no longer exists and, further, observance of the fiction of separate existence among these defendants would sanction fraud and promote injustice.

- 3 -     COMPLAINT FOR DAMAGES

9.      At all times mentioned herein, Defendants and DOES 21 through 50, and each of them, were the individuals, agents, servants, persons unknown to Plaintiff at this time, but known to Defendants.  Plaintiff is informed and believes that DOES 21 through 50 are individuals who at all relevant times herein were and are employees, managers, supervisors, managing agents, or officers of Defendants.

10.     Whenever and wherever reference is made in this Complaint to any act by a defendant or defendants, such allegations and references shall also be deemed to mean the acts and failures to act of each defendant acting individually, jointly, and severally.

11.     Whenever and wherever reference is made to individuals who are not named as Plaintiff or Defendant in this Complaint, but were agents, servants, employees and/or supervisors of Defendants, such individuals at all relevant times acted on behalf of Defendants within the scope of their employment.

## EXHAUSTION OF ADMINISTRATIVE PROCEEDINGS

12.     Plaintiff has met her obligation of administrative exhaustion of administrative remedied by filing an administrative complaint with the California Department of Fair Employment and Housing and receiving a Notice of Case Closure and Right-to-Sue Letter against the Defendants named herein, which was served on Defendants by certified U.S. Mail.

## VENUE AND JURISDICTION

13.     This Court has proper jurisdiction over this action.

14.     Plaintiff is informed and believes that Defendants, at all relevant times mentioned herein, and were and currently are licensed to do business in California and were and currently are conducting business throughout California. Specifically, Defendants employed Plaintiff in Los Angeles County, California.

15.     Plaintiff alleges on information and belief that DOES 1 through 20 were and are corporations or other business entities, which were authorized to and did business in Los Angeles

- 4 -        COMPLAINT FOR DAMAGES

County, California. Plaintiff is informed and believes that DOES 21 through 50 are individuals who at all relevant times herein were and are employees, managers, supervisors, managing agents, or officers of Defendants.

16.     The amount in controversy herein is within the jurisdiction of this Court.

## **FACTUAL ALLEGATIONS**

17.     Plaintiff was, and at all times mentioned herein, an employee of Defendant SURGITEL. Defendant SURGITEL employed Plaintiff in Los Angeles, California as a Los Angeles Sales Representative from on or about April 2014 until her unlawful termination on or about July 5, 2021.

18.     In or about December 2013, Plaintiff was interviewed for SURGITEL's Los Angeles Sales Representative position by Byung Jin Chang ("Mr. Chang"), CEO, and Sharon Chang ("Ms. Chang"), both co-owners of SURGITEL. During her interview, Plaintiff was asked about her plans to have children, to which Plaintiff confirmed that she did want to have children in the future. After Plaintiff's response, Mr. and Ms. Chang seemed disappointed and quickly ended the interview.

19.     Shortly thereafter, Mr. and Ms. Chang informed Plaintiff the position had been filled and provided no further information.

20.     However, in or about late February 2014, Greg Smith ("Mr. Smith"), National Sales Manager for SURGITEL, reached out to Plaintiff asking if she was still interested in working for SURGITEL, to which Plaintiff said she was.

21.     Approximately two months later, in or about April 2014, Plaintiff was offered the Los Angeles Sales Representative position and began her employment with SURGITEL.

22.     Notably, after Plaintiff began working for SURGITEL, she was informed by several employees that Mr. and Ms. Chang refused to initially employ Plaintiff based on her future plans to have children.

23.     During her employment, Plaintiff performed her job duties well, and received consistent positive performance reviews, leading to several pay increases throughout her years with

- 5 -                    COMPLAINT FOR DAMAGES

1   the company.

2          24.    During another positive performance review in or about January 2017, Plaintiff

3   informed her manager, Mr. Smith, that she had recently become pregnant. Shortly after, Mr. Smith

4   informed Ms. Chang abut Plaintiff's pregnancy, causing Ms. Chang to become extremely upset and

5   frustrated due to the fact Plaintiff would soon be seeking maternity leave.

6          25.    In or about July 2017, Mr. Smith met with Plaintiff to discuss her maternity leave and

7   how other sales representatives would help cover her territory while she was out. Plaintiff informed

8   Mr. Smith she would continue working until she went into labor but complained about her fear and/or

9   any repercussions she might suffer now that Ms. Chang was aware of her pregnancy.

10          26.    Shortly thereafter, on or about September 5, 2017, Plaintiff went into labor and gave

11   birth, starting her maternity leave. However, just two weeks after giving birth, SURGITEL asked

12   Plaintiff to deliver loupes and other dental equipment to an Oxnard, California, hygiene program. In

13   fear of losing her job and not wanting to upset Mr. and Ms. Chang, Plaintiff reluctantly agreed and

14   traveled with her newborn son and husband to carry out the delivery.

15          27.    In approximately October 2017, Plaintiff returned to work from maternity leave and

16   received another positive performance review. During this same timeframe, Plaintiff mentioned to

17   some of her co-workers that she and her husband were planning to have a second child soon.

18          28.    As her employment continued, many of her co-workers warned Plaintiff to be careful

19   due to the fact Mr. and Ms. Chang had recently announced they did not want to hire women who were

20   planning to become pregnant or were capable of pregnancy. In addition, one of Plaintiff's coworkers,

21   Casey Somani ("Ms. Somani"), had recently become engaged and was instructed by Ms. Chang to

22   "not get pregnant immediately."

23          29.    Beginning in or about March 2020, SURGITEL furloughed all of its employees due

24   to the COVID-19 pandemic. However, in or about June 2020, Plaintiff was one of the few employees

25   asked to come back to work due to her exemplary work ethic and strong sales numbers.

26          30.    In or about mid-2021, Plaintiff began attending various doctor's appointments to start

27   fertility treatments with the hopes of becoming pregnant with her second child. During this time,

28

- 6 -          COMPLAINT FOR DAMAGES

1   Plaintiff feared to lose her job due to the fact it was widely known around SURGITEL that Ms. Chang

2   disproved of women becoming pregnant while employed by SURGITEL. Nonetheless, Plaintiff kept

3   her management informed, including Mr. Smith who would also inform Ms. Chang, of her

4   appointments. Notably, this did not impede on Plaintiff's ability to conduct her job duties, as

5   evidenced by her many positive performance reviews.

6        31.    On or about June 28, 2021, Plaintiff's car was burglarized and her bag containing

7   SURGITEL demonstration products was stolen. Plaintiff immediately informed Mr. Smith and Mr.

8   Chang of the burglary and filed a police report. Mr. Smith suggested for Plaintiff to reach out to other

9   sales representatives in her region to borrow demo products as other employees had experienced

10  similar thefts in the past. Notably, these same employees had never received any disciplinary action

11  for their stolen equipment.

12       32.    However, the next day, Plaintiff was informed by Mr. Smith that Mr. Chang was

13  planning to terminate her employment, allegedly in part because her demonstration products had been

14  stolen. In addition, Mr. Chang also attempted to cite to Plaintiff's alleged "poor performance,"

15  ignoring the fact that Plaintiff's performance had always been satisfactory or above, which was

16  indicated by her positive reviews. In response, Plaintiff emailed Mr. Chang that while she still did not

17  have all her equipment, she had enough product to continue working without any negative effects on

18  her performance. However, Mr. Chang completely ignored Plaintiff's email and never provided her

19  with a response.

20       33.    Shortly thereafter, Plaintiff continued her work as per usual and was able to make sales

21  using her demo products she currently had on hand. In addition, other co-workers were still sending

22  Plaintiff product so she could continue to sell. Plaintiff also emailed Mr. Chang an update regarding

23  the additional products she received, but again did not receive a response back.

24       34.    In or around July 2021, Plaintiff had undergone a polypectomy procedure for her

25  fertility issues and took two days off work in order to recover. Plaintiff promptly informed her

26  management, but her emails went ignored.

27       35.    On or about July 6, 2021, after completing a demonstration of products appointment,

28

COMPLAINT FOR DAMAGES

1   Plaintiff was informed by Mr. Smith she was terminated due to her sales numbers. Plaintiff

2   immediately emailed Mr. Smith and Mr. Chang for clarity regarding her termination due to alleged

3   poor sales performance. Plaintiff explained that she always consistently met her sales quotas, received

4   positive reviews, and was never once counseled or disciplined. Defendants, however, did not respond.

5        36.     After multiple requests, Mr. Chang directed Plaintiff to speak to Carol Peterson ("Ms.

6   Peterson"), Director of SURGITEL's Human Resources, and refused to answer further questions.

7        37.     Plaintiff then reached out to Ms. Peterson on numerous occasions to inquire about

8   SURGITEL's disciplinary and termination practices as well as requests for reimbursement for

9   mileage and other expenses. SURGITEL, however, refused to respond to any of Plaintiff's inquiries.

10       38.     Notably after Plaintiff's termination, Defendants provided Plaintiff with a "final"

11  paycheck on or about July 23, 2021. However, Defendants failed to pay Plaintiff all her wages earned,

12  including but not limited to, wages earned for working a school event on behalf of Defendants, unused

13  paid time off she had accrued during her employment, and a bonus payment she was entitled to after

14  meeting her quarterly work goals, among other items.

15

16                        **FIRST CAUSE OF ACTION**

17                    **WHISTLEBLOWER RETALIATION**

18   (Individual and Representative Claim for Violation of California Labor Code § 1102.5)

19        (By Plaintiff Against SURGITEL and DOES 1 through 20, inclusive)

20       39.     Plaintiff repeats and re-alleges the allegations set forth above and incorporates the

21  same by reference as though fully set forth herein.

22       40.     California Labor Code § 1102.5(b) provides that "[a]n employer, or any person acting

23  on behalf of the employer, shall not retaliate against an employee for disclosing information, or

24  because the employer believes that the employee disclosed or may disclose information, to a

25  government or law enforcement agency, to a person with authority over the employee or another

26  employee who has the authority to investigate, discover, or correct the violation or noncompliance,

27  or for providing information to, or testifying before, any public body conducting an investigation,

28

hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties."

41.     As alleged above, Plaintiff reported serious violations of state and federal laws to her superiors and other officers and directors of Defendants who had authority to investigate and correct these violations. These violations included, but are not limited to, unlawful discrimination, harassment, and retaliation based on her sex and/or pregnancy and/or medical conditions relating to pregnancy – namely, by stripping Plaintiff of her job duties and responsibilities, interfering with her ability to perform her job duties, and ultimately terminating her employment after informing her management about her pregnancy plans to have a second child.

42.     After Plaintiff's complaints to Defendants, Defendants discriminated and retaliated against Plaintiff by terminating her employment.

43.     Plaintiff alleges that Defendants and DOES 1 through 20, inclusive terminated her employment in retaliation for reporting the above violations of state and federal labor laws to Defendants.

44.     Additionally, Plaintiff's refusal to remain silent about such unlawful conduct also constitutes her refusal to participate in the alleged illegality.  Plaintiff's refusal to participate in the alleged illegality is considered an exercise of protected activity under California Labor Code §1102.5(c).  Plaintiff further alleges, therefore, that her termination was in contravention of the provisions set forth in California Labor Code §1102.5(c), because her termination was in close temporal proximity to her exercise of such protected activity.

45.     Defendants and DOES 1 through 20, inclusive knew of Plaintiff's whistleblowing complaints protected by Section 1102.5 of the Labor Code.

46.     Defendants and DOES 1 through 20, inclusive engaged in discrimination and retaliation against Plaintiff because she engaged in activity protected by Section 1102.5 of the Labor Code.

COMPLAINT FOR DAMAGES

47.     Plaintiff's activity protected by Section 1102.5 of the Labor Code was a contributing factor in the discrimination and retaliation of Defendants and DOES 1 through 20, inclusive against Plaintiff as described in this complaint.

48.     As a result of the foregoing conduct, Plaintiff has suffered special and general damages in an amount in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

49.     Defendants and DOES 1 through 20's, inclusive acts as hereinbefore described were committed maliciously, fraudulently or oppressively with the intent of injuring Plaintiff, and/or with a willful and conscious disregard of Plaintiff's right to work in an environment free from retaliation.  Because these acts were carried out by Defendants and DOES 1 through 20's, inclusive managerial employees in a despicable, deliberate and intentional manner, Plaintiff is entitled to recover punitive damages in a sum sufficient to punish and deter future such conduct.

50.     Pursuant to California Labor Code § 1102.5, Plaintiff is entitled to an award of reasonable attorney's fees and costs.

**SECOND CAUSE OF ACTION**

**SEX DISCRIMINATION (PREGNANCY) IN VIOLATION OF FEHA**

(Violation of California Government Code § 1290.40(a); 12926(r)(1)(A))

(By Plaintiff Against Defendants SURGITEL and Does 1 through 20)

51.     Plaintiff repeats and re-alleges the allegations set forth above and incorporates the same by reference as though fully set forth herein.

52.     At all times herein mentioned, California Government Code §§ 12940 *et seq.*, the Fair Employment and Housing Act ("FEHA"), were in full force and effect and were binding on Defendant and each of them, as Defendant regularly employed five (5) or more persons.

53.     California Government Code § 12940(a) requires Defendant to refrain from discriminating against any employee on the basis of her sex and/or pregnancy and/or medical conditions relating to pregnancy.  Per California Government Code § 12926(r), "sex" includes, but is

COMPLAINT FOR DAMAGES

ODELL LAW
EMPLOYMENT ATTORNEYS

1   not limited to, pregnancy, childbirth, or medical conditions related to pregnancy or childbirth.

2      54.    Plaintiff is female and as such, plaintiff is a member of a class protected from

3   discrimination.  Plaintiff was undergoing various medical procedures and/or fertility treatments to

4   become pregnant during the time she was employed by Defendants, and as such, Plaintiff is a member

5   of a class protected from discrimination.  Plaintiff was fully qualified for her position and competent

6   to perform her respective duties.

7      55.    During the course of Plaintiff's employment, Plaintiff was treated less favorably than

8   similarly situated employees based on her sex and/or pregnancy and/or medical conditions relating to

9   pregnancy.

10      56.    After learning of Plaintiff's medical procedures and/or fertility treatments to become

11   pregnant, Defendants discriminated against and harassed Plaintiff by fostering a hostile work

12   environment. Specifically, Defendants made various announcements regarding their disapproval of

13   women becoming pregnant during Plaintiff's employment, stripped Plaintiff of her job duties and

14   responsibilities, interfered with her ability to perform her job duties, and ultimately terminated her

15   employment after Plaintiff informed her management about her pregnancy plans to have a second

16   child.

17      57.    Defendants took further adverse employment actions against Plaintiff by treating her

18   differently than other similarly situated non-disabled employees, and ultimately terminating her

19   employment for false, pretextual reasons.

20      58.    Plaintiff's sex and/or pregnancy and/or medical conditions relating to pregnancy were

21   a substantial motivating reason for the adverse employment actions as well as for her disparate

22   treatment by Defendants.

23      59.    The above said acts and omissions of Defendants, as alleged in the factual summary

24   of this Complaint, constituted sex (pregnancy) discrimination in violation of public policy and in

25   violation of California Government Code §§ 12940, *et seq.*

26      60.    As a direct, foreseeable, and proximate result of Defendant's conduct, as alleged

27   above, Plaintiff has suffered lost income, employment, and career opportunities, and has suffered and

28

   COMPLAINT FOR DAMAGES

1    continues to suffer other economic loss, the precise amount of which will be proven at trial.

2         61.     As a direct, foreseeable, and proximate result of Defendant's conduct, as alleged

3    above, Plaintiff has suffered and continues to suffer great anxiety, embarrassment, anger, loss of

4    enjoyment of life, and emotional distress, the precise amount of which will be proven at trial.

5         62.     Defendant's conduct was a substantial factor in causing the aforementioned harm.

6         63.     Defendants had in place policies and procedures that specifically prohibited and

7    required Defendant's managers, officers, and agents to prevent sex and/or pregnancy discrimination,

8    harassment, and retaliation based on complaints about discriminatory practices based on sex and/or

9    pregnancy against and upon employees of Defendant. Defendants and Does 1 through 50 were

10   managers, officers, and/or agents of Defendant and were aware of Defendant's policies and

11   procedures requiring Defendant's managers, officers, and agents to prevent, and investigate, sex

12   discrimination, harassment, and retaliation based on pregnancy against and upon employees of

13   Defendant. However, Defendant and Does 1 through 50 chose to consciously and willfully ignore

14   said policies and procedures and therefore, Defendant's outrageous conduct was fraudulent,

15   malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and

16   duties owed by each Defendant to Plaintiff.  As such, Plaintiff is entitled to an award of exemplary

17   damages according to proof.  The aforementioned conduct on which punitive damages is alleged, was

18   done with the advance knowledge by an officer, director and/or managing agent of Defendant and

19   Does 1 through 50.  The alleged conduct on which punitive damages is alleged, was authorized,

20   ratified and/or committed by an officer, director, and/or managing agent of Defendants and Does 1

21   through 50.

22        64.     Under the FEHA, Plaintiff is entitled to an award of reasonable attorney's fees and

23   costs.

24   ///

25   ///

26   ///

27   ///

28

COMPLAINT FOR DAMAGES

**THIRD CAUSE OF ACTION**

**RETALIATION IN VIOLATION OF FEHA**

(Violation of the Fair Employment and Housing Act, Gov. Code § 12940(h))

(By Plaintiff Against Defendant SURGITEL and DOES 1 through 20, inclusive)

65.    Plaintiff repeats and re-alleges the allegations set forth above and incorporates the same by reference as though fully set forth herein.

66.    Defendant and DOES 1 through 20, inclusive are "employers" within the meaning of, and are subject to, the FEHA as employers of five (5) or more employees.  Cal. Gov. Code § 12926(d).

67.    Plaintiff was continuously employed by Defendant and DOES 1 through 20, inclusive, at all times herein.

68.    California Government Code Section 12940(h) prohibits covered employers and/or persons from retaliating against employees for exercising any right under the FEHA.

69.    Plaintiff exercised her rights under FEHA and engaged in legally protected activity by reporting and opposing the unlawful harassment, discrimination, and retaliation by Defendants based on her sex and/or pregnancy and/or medical conditions relating to pregnancy as outlined above. In addition, Plaintiff exercised her rights under FEHA and engaged in legally protected activity by requesting reasonable accommodations for her medical conditions relating to pregnancy and/or childbirth. In addition, Plaintiff exercised her rights under FEHA and engaged in legally protected activity by taking protected medical leave to address her medical conditions relating to pregnancy and/or childbirth. In reaction, Defendants and DOES 1 through 20, inclusive, punished Plaintiff by refusing to investigate her complaints in good faith, allowing and ratifying harassment and exclusion by others, making exaggerated and/or false allegations regarding Plaintiff's performance, stripping Plaintiff of her job duties and responsibilities, interfering with her ability to perform her job duties, and ultimately terminating her employment after informing her management about her pregnancy plans to have a second child.

70.    Defendants and DOES 1 through 20, inclusive, took the aforementioned adverse employment action in retaliation for Plaintiff's exercise of rights guaranteed under the FEHA.

- 13 -      COMPLAINT FOR DAMAGES

71.     Plaintiff's opposition to Defendants, DOES 1 through 20, inclusive's unlawful discrimination, harassment, and retaliation were substantial motivating reasons for Defendants' and DOES 1 through 20's, inclusive's, decision to punish and subsequently terminate Plaintiff.

72.     As a direct, foreseeable, and proximate result of Defendants' and DOES 1 through 20's, inclusive's, conduct, as alleged above, Plaintiff has suffered lost income, employment, and career opportunities, and has suffered and continues to suffer other economic losses, the precise amount of which will be proven at trial.

73.     As a direct, foreseeable, and proximate result of Defendants' and DOES 1 through 20's, inclusive, conduct, as alleged above, Plaintiff has suffered and continues to suffer great anxiety, embarrassment, anger, loss of enjoyment of life, and emotional distress, the precise amount of which will be proven at trial.

74.     Defendants' and DOES 1 through 20's, inclusive, conduct was a substantial factor in causing Plaintiff's aforementioned harm.

75.     The conduct which Plaintiff complains of in this Complaint was carried out by Defendants and DOES 1 through 20, inclusive willfully, intentionally, and with oppression, malice, and fraud and was carried out with conscious disregard of Plaintiff's rights; as such, Plaintiff is entitled to an award of exemplary damages according to proof.  The aforementioned conduct on which punitive damages is alleged, was done with the advanced knowledge by an officer, director and/or managing agent of Defendants and DOES 1 through 20, inclusive.  The alleged conduct on which punitive damages is alleged, was authorized, ratified and/or committed by an officer, director, and/or managing agent of Defendants and DOES 1 through 20, inclusive.

76.     Under the FEHA, Plaintiff is entitled to an award of reasonable attorney's fees and costs.

///

///

///

///

COMPLAINT FOR DAMAGES

**FOURTH CAUSE OF ACTION**

**FAILURE TO PREVENT HARASSMENT, DISCRIMINATION AND RETALIATION**

(Violation of the Fair Employment and Housing Act, Gov. Code §12940 et seq.)

(By Plaintiff Against Defendant SURGITEL and DOES 1 through 20, inclusive)

77.　　Plaintiff repeats and re-alleges the allegations set forth above, and incorporates the same by reference as though fully set forth herein.

78.　　As outlined above, Plaintiff was subjected to discrimination, harassment and retaliation due to her sex and/or pregnancy and/or medical conditions relating to pregnancy and/or due to her complaints of discrimination and/or harassment.

79.　　Instead of taking reasonable steps to prevent discrimination, harassment, and retaliation, and in complete disregard to Plaintiff's rights, Defendant and DOES 1 through 50, inclusive, retaliated against Plaintiff by terminating her employment.

80.　　The FEHA requires employers to take all reasonable steps to prevent harassment, discrimination, and retaliation, including the institution by employer of policies, procedures, and practices that include prompt and effective remedial procedures, and appropriate training, monitoring and disciplinary measures.

81.　　Defendant and DOES 1 through 50, inclusive, did not take any monitoring, training, or disciplinary measures to remedy the discrimination, or retaliation by Defendant and DOES 1 through 50's, inclusive.  Defendants' policies, procedures, and practices were inadequate for prevention, monitoring, and remediation of discrimination, harassment, and retaliation. If such policies, procedures, and practices existed, employees, including supervisors, were insufficiently trained or made aware of those policies and procedures to prevent discrimination and retaliation from occurring. Once Defendant and DOES 1 through 50, inclusive, were made aware of discriminatory and retaliatory conduct against Plaintiff, they failed to take reasonable steps to prevent retaliation against Plaintiff, and instead engaged in further retaliation against Plaintiff by stripping Plaintiff of her job duties and responsibilities, interfering with her ability to perform her job duties, and ultimately terminating her employment after informing her management about her pregnancy plans to have a second child.

COMPLAINT FOR DAMAGES

82.     Defendant and DOES 1 through 50's, inclusive, failure to take reasonable steps to prevent discrimination and/or retaliation was a substantial factor in causing Plaintiff's harm.

83.     As a direct, foreseeable, and proximate result of Defendant's and DOES 1 through 50's, inclusive conduct, as alleged above, Plaintiff has suffered lost income, employment, and career opportunities, and has suffered and continues to suffer other economic losses, the precise amount of which will be proven at trial.

84.     As a direct, foreseeable, and proximate result of Defendant's and DOES 1 through 50's, inclusive conduct, as alleged above, Plaintiff has suffered and continues to suffer great anxiety, embarrassment, anger, loss of enjoyment of life, and emotional distress, the precise amount of which will be proven at trial. Her existing mental injuries were further exacerbated by Defendant's conduct.

85.     The conduct which Plaintiff complains of in this Complaint, was carried out by Defendant and DOES 1 through 50, inclusive, willfully, intentionally, and with oppression, malice, and fraud and was carried out with conscious disregard of Plaintiff's rights; as such, Plaintiff is entitled to an award of exemplary damages according to proof.  The aforementioned conduct on which punitive damages is alleged, was done with the advance knowledge by an officer, director and/or managing agent of Defendant and DOES 1 through 50, inclusive.  The alleged conduct on which punitive damages is alleged, was authorized, ratified and/or committed by an officer, director, and/or managing agent of Defendant and DOES 1 through 50, inclusive and was made to cover up the real reason for termination.

86.     Under the FEHA, Plaintiff is entitled to an award of reasonable attorney's fees and costs.

## **FIFTH CAUSE OF ACTION**

### **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

(By Plaintiff Against Defendant SURGITEL and DOES 1 through 20, inclusive)

87.     Plaintiff repeats and re-alleges the allegations set forth above and incorporates the same by reference as though fully set forth herein.

COMPLAINT FOR DAMAGES

88.     Plaintiff was employed by Defendant and DOES 1 through 20, inclusive at all time herein.

89.     Plaintiff is informed and believes and thereon alleges that Defendant and DOES 1 through 20 inclusive terminated her employment for reasons that violate public policy.  Defendants discriminated against Plaintiff on the basis of her sex and/or pregnancy and/or medical conditions relating to pregnancy and terminated her employment at least in part on that basis.

90.     Defendants and DOES 1 through 20, inclusive intentionally created or knowingly permitted these working conditions.

91.     The adverse working conditions would have been unusual and/or repeatedly offensive to a reasonable person in Plaintiff's position.

92.     Defendant and DOES 1 through 20, inclusive's termination of Plaintiff's employment violates public policy of the State of California as Defendants harassed, retaliated against and discriminated against and discharged Plaintiff at least in part on the basis of her sex and/or pregnancy and/or medical conditions relating to pregnancy and/or her reports of unlawful conduct and/or because Plaintiff exercised her rights under the FEHA/CFRA by requesting accommodations and/or taking a medical leave of absence, which is explicitly prohibited by the FEHA and/or the California Labor Code. Such public policy is set forth in Article I, §8, of the California Constitution and the California Fair Employment Housing Act (Government Code § 12900, *et seq*.), which specifically prohibits Defendants from discriminating against Plaintiff on the basis of her sex and/or pregnancy and/or medical conditions relating to pregnancy in the workplace.

93.     As a proximate result of the said termination, Plaintiff has suffered and continues to suffer substantial losses in earnings and other employment benefits according to proof.

94.     As a further proximate result of the said termination, Plaintiff has suffered and continues to suffer humiliation, emotional distress, mental pain and anguish all to her damages in a sum according to proof.

95.     As a further and proximate result of said termination, Plaintiff has incurred and will continue to incur expenses all to her damage in a sum to be determined at trial.

COMPLAINT FOR DAMAGES

96.     The aforementioned conduct by Defendants and DOES 1 through 20, inclusive, constitutes oppression, fraud, and malice, thereby entitling Plaintiff to an award of punitive damages against Defendants.  Plaintiff is informed and believes and thereon alleges by failing to take adequate remedial measures, Defendants ratified the wrongful conduct and are guilty of oppression, fraud, and malice.  Plaintiff is further informed and believes and thereon alleges that this act of oppression, fraud and malice or ratification was on the part of an officer, director, or managing agent of Defendants and DOES 1 through 20.

### SIXTH CAUSE OF ACTION

### FAILURE TO REIMBURSE EMPLOYEE EXPENSES

(Violation of California Labor Code § 2802)

(By Plaintiff Against Defendants SURGITEL and DOES 1 through 20, inclusive)

97.     Plaintiff repeats and re-alleges the allegations set forth above and incorporates the same by reference as though fully set forth herein.

98.     California Labor Code § 2802 requires an employer to indemnify an employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.

99.     During Plaintiff's employment, Defendants knowingly and willfully refused to indemnify Plaintiff for all business expenses and/or losses incurred in direct consequence of the discharge of her duties while working under the direction of Defendant including, but not limited to reimbursement for mileage and/or other travel expenses, and other employment related expenses, in violation of Labor Code § 2802.

100.     As a direct, foreseeable, and proximate result of SAS's and DOES 1 through 20's, inclusive conduct, as alleged above, Plaintiff has suffered lost income, employment, and career opportunities, and has suffered and continues to suffer other economic loss, the precise amount of which will be proven at trial.

101.     Plaintiff is entitled by statute to recover reasonable attorneys' fees, costs of suit, and

COMPLAINT FOR DAMAGES

1    interest on the unpaid amounts pursuant to Labor Code § 2802(c).

2

3                              **SEVENTH CAUSE OF ACTION**

4                          **FAILURE TO PAY EARNED WAGES**

5            (Violation of California Labor Code § 204; IWC Wage Order No. 4-2001)

6               (By Plaintiff Against Defendant PACWHA and Does 1 through 20)

7            102.    Plaintiff repeats and re-alleges the allegations set forth above, and incorporates same

8    by reference as though fully set forth herein.

9            103.    Plaintiff performed work on behalf of Defendants at a school event, per Defendants'

10   instructions. Plaintiff also never received payment for unused paid time off she had accrued during

11   her employment, and a bonus payment she was entitled to after meeting her quarterly work goals,

12   among other items.

13           104.    Defendants thus failed to pay Plaintiff wages she earned as required by the California

14   Labor Code and the Wage Order.

15           105.    Plaintiff has been deprived of her rightfully earned wages as a direct and proximate

16   result of Defendants' failure to pay said compensation. Plaintiff is entitled to recover such amounts,

17   plus interest thereon, attorney's fees and costs.

18           106.    In committing the foregoing acts, Defendants were guilty of oppression, fraud, or

19   malice, and, in addition to the actual damages caused thereby, Plaintiff is entitled to recover damages

20   for the sake of example and by way of punishing Defendants.

21

22                               **EIGHTH CAUSE OF ACTION**

23          **FAILURE TO FURNISH ACCURATE ITEMIZED WAGE STATEMENTS**

24                      (Violation of California Labor Code § 226)

25          (By Plaintiff Against Defendants SURGITEL and DOES 1 through 20, inclusive)

26           107.    Plaintiff repeats and re-alleges the allegations set forth above, and incorporates same

27   by reference as though fully set forth herein.

28

COMPLAINT FOR DAMAGES

108. California Labor Code § 226 and the applicable Wage Order provides: "Every employer shall semimonthly or at the time of each payment of wages furnish each employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately, an itemized statement in writing showing: (1) all deductions; (2) the inclusive dates of the period for which the employee is paid; (3) the name of the employee or the employee's social security number; and (4) the name of the employer, provided all deductions made on written orders of the employee may be aggregated and shown as one item."

109. Additionally, California Labor Code § 226(a) requires employers to keep accurate records of all hours worked and wages paid to all employees.

110. Defendants knowingly and intentionally failed to provide Plaintiff with accurate wage and hour statements showing gross wages earned, including bonuses she had earned and unused paid time off she had accrued, total hours worked, and the corresponding number of hours worked at each hourly rate by them.

111. Additionally, Defendants knowingly and intentionally failed to keep accurate records of Plaintiff's true and accurate hours worked by forcing Plaintiff to forfeit hours she worked, bonuses she had earned, and unused paid time off she accrued, among other things, all of which was inaccurate and directly translated into her official pay and wage statements.

112. Plaintiff suffered injury as a result of Defendants' knowing and intentional failure to provide her with accurate wage and hour statements required by law.

## NINTH CAUSE OF ACTION

## WAITING TIME PENALTIES

(Violation of California Labor Code §§ 201, 202, 203)

(By Plaintiff Against Defendants SURGITEL and DOES 1 through 20, inclusive)

113. Plaintiff repeats and re-alleges the allegations set forth above, and incorporates same by reference as though fully set forth herein.

114. Defendants willfully failed to pay Plaintiff accrued wages due to her promptly upon

1    separation, as required by California Labor Code sections 201 and 202.

2         115.    As Plaintiff was never compensated for certain wages owed, her final paycheck paid

3    to her upon separation is not a full and final paycheck of all wages owed and due to Plaintiff.

4         116.    Plaintiff has been deprived of her rightfully earned wages as a direct and proximate

5    result of Defendant's failure to pay said compensation. Plaintiff is entitled to such amounts.

6         117.    Based on Defendants' conduct as alleged herein, Defendants are liable for statutory

7    penalties pursuant to California Labor Code § 203 for thirty days, the maximum penalty, since

8    Plaintiff was never paid all wages, including bonuses, she had earned and was owed.

9

10                          **TENTH CAUSE OF ACTION**

11   **VIOLATION OF BUSINESS & PROFESSIONS CODE SECTION 17200 ET SEQ.**

12        (By Plaintiff Against Defendant SURGITEL and DOES 1 through 20, inclusive)

13        118.    Plaintiff repeats and re-alleges the allegations set forth above and incorporates the

14   same by reference as though fully set forth herein.

15        119.    Defendant and DOES 1 through 20, inclusive, have in the course of business

16   committed acts and/or omissions and engaged in a practice of unfair competition, as defined by

17   California Business & Professions Code section 17200 et seq., including but not limited to

18   discriminating against Plaintiff on the basis of her sex and/or pregnancy and/or medical conditions

19   relating to pregnancy, and/or violations of law and by terminating Plaintiff's employment at least in

20   part due to her sex and/or pregnancy and/or medical conditions relating to pregnancy.

21        120.    The conduct of Defendant and DOES 1 through 20, as alleged above, constitutes

22   unlawful, unfair and fraudulent activity prohibited by California Business and Professions Code

23   section 17200 et seq.

24        121.    As a result of their improper acts, Defendant and DOES 1 through 20, inclusive, and

25   each of them, have reaped and continue to reap unfair benefits and illegal profits at Plaintiff's expense.

26   Defendant and DOES 1 through 20, inclusive, and each of them, should be made to disgorge these

27   ill-gotten gains and restore to Plaintiff these gains pursuant to California Business and Professions

28

COMPLAINT FOR DAMAGES

1    Code section 17203.

2          122.    Defendant and DOES 1 through 20, inclusive, and each of them, should also be

3    subjected to a permanent injunction prohibiting Defendant and DOES 1 through 20, inclusive, and

4    each of them, from violating the California Labor Code by retaliating against and discharging

5    employees for reporting violations of law to Defendants.

6          123.    Plaintiff requests relief as described below.

7

8                                    **PRAYER FOR RELIEF**

9                        WHEREFORE, Plaintiff prays for judgment as follows:

10                         <u>**ON ALL CAUSES OF ACTION**</u>

11                              **(Against All Defendants)**

12   1.     For compensatory damages, together with prejudgment and post-judgment interest,

13          according to proof;

14   2.     For general damages, according to proof;

15   3.     For reasonable attorney's fees according to proof;

16   4.     For exemplary and punitive damages, according to proof;

17   5.     For costs of suit incurred herein;

18   6.     For a permanent injunction prohibiting Defendants, and each of them, from

19          discriminating against employees on the basis of sex and/or pregnancy and/or medical

20          conditions relating to pregnancy and/or from unfair competition;

21   7.     For a permanent injunction prohibiting Defendants, and each of them, from retaliating

22          against employees for reporting violations of State or Federal law;

23   8.     For disgorgement of all ill-gotten and/or ill-gained profits resulting from the unfair

24          business practices of Defendants, and each of them;

25   9.     For Defendants to be ordered and enjoined to pay restitution and applicable penalties

26          to Plaintiff due to Defendant's unlawful and/or unfair activities, pursuant to California

27          Business & Professions Code §§ 17200 – 17205;

28

10. For Defendants to be further enjoined to cease and desist from unlawful and/or unfair activities in violation of California Business & Professions Code § 17200, *et. seq.*;

11. For such other and further relief as the court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Dated:  February 16, 2022                                    **ODELL LAW, PLC**

By: _____

Robert A. Odell, Esq.
Claudette H. Villicaña, Esq.
Attorneys for Plaintiff,
JENNIE BENNETT

- 23 -     COMPLAINT FOR DAMAGES

EXHIBIT "B"

# EXHIBIT "B"

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: | FOR COURT USE ONLY |
|---|---|---|
| NAME: Robert A. Odell (SBN 286488); Claudette H. Villicana (SBN 325669) | | |

FIRM NAME: Odell Law, PLC
STREET ADDRESS: 1 Park Plaza, Suite 600
CITY: Irvine STATE: CA ZIP CODE: 92614
TELEPHONE NO.: (949) 833-7105 FAX NO.: (949) 606-8122
E-MAIL ADDRESS: rob@odelllaw.com; cvillicana@odelllaw.com
ATTORNEY FOR (Name): Jennie Bennett

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 275 Magnolia Avenue
MAILING ADDRESS: 275 Magnolia Avenue
CITY AND ZIP CODE: Long Beach, 90802
BRANCH NAME: Governor George Deukmejian Courthouse

Plaintiff/Petitioner: Jennie Bennett

Defendant/Respondent: General Scientific Corporation dba Surgitel

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: 22LBCV00069 |
|---|---|

TO (insert name of party being served): General Scientific Corporation dba Surgitel

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: March 9, 2022

Claudette H. Villicana
(TYPE OR PRINT NAME)

(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing): AS IP BY MAIL OUT OF STATE

1. [X] A copy of the summons and of the complaint.
2. [X] Other (specify):

   Civil Case Cover Sheet
   Notice of Case Assignment Unlimited Civil Case
   Notice of Case Management Conference
   Order to Show Cause Hearing

(To be completed by recipient):

Date this form is signed: 3/9/22

NEIL J. JULIAN FOR GENERAL SCIENTIFIC CORP.
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

EXHIBIT "C"

# EXHIBIT "C"

Electronically FILED by Superior Court of California, County of Los Angeles on 02/16/2022 02:36 PM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Ballesteros,Deputy Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
GENERAL SCIENTIFIC CORPORATION, a Michigan corporation, dba SURGITEL; and
DOES 1 through 50, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JENNIE BENNETT, an individual.

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>(El nombre y dirección de la corte es):<br>Governor George Deukmejian Courthouse, 275 Magnolia Avenue, Long Beach, CA 90802 | CASE NUMBER: *(Número del Caso):*<br>22LBCV00069 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert A. Odell, Claudette H. Villicana; Odell Law, PLC; 1 Park Plaza, Suite 600, Irvine, CA 92614; (949) 833-7105

| DATE: 02/16/2022<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | J. Ballesteros | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

Sherri R. Carter Executive Officer / Clerk of Court

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
         ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

EXHIBIT "D"

# EXHIBIT "D"

Electronically FILED by Superior Court of California, County of Los Angeles on 02/16/2022 02:36 PM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Ballesteros,Deputy Clerk

Case 5:23-cv-01605-JLS-KK Document 1-1 Filed 03/15/23 PageID.44 Page 44 of 66

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Robert A. Odell (SBN 286488); Claudette H. Villicana (SBN 325669)<br>Odell Law, PLC<br>1 Park Plaza, Suite 600, Irvine, CA 92614 | |

TELEPHONE NO.: (949) 833-7105    FAX NO. *(Optional):* (949) 852-4480

ATTORNEY FOR *(Name):* Jennie Bennett

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES**

STREET ADDRESS: 275 Magnolia Avenue

MAILING ADDRESS: 275 Magnolia Avenue

CITY AND ZIP CODE: Long Beach, 90802

BRANCH NAME: Governor George Deukmejian Courthouse

CASE NAME:

JENNIE BENNETT V. GENERAL SCIENTIFIC CORPORATION dba SURGITEL

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [×] **Unlimited** (Amount demanded exceeds $25,000)   [ ] **Limited** (Amount demanded is $25,000) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 22LBCV00069 |
| | | JUDGE: |
| | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[×] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [×] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [×] monetary   b. [×] nonmonetary; declaratory or injunctive relief   c. [×] punitive
4. Number of causes of action *(specify):* 9; Wrongful Termination, Discrimination, Harassment, Retaliation, etc.
5. This case [ ] is [×] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 16, 2022

Claudette H. Villicana
(TYPE OR PRINT NAME)

*Villicana*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                        **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

| SHORT TITLE: BENNETT V. GENERAL SCIENTIFIC CORPORATION dba SURGITEL | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

**Applicable Reasons for Choosing Court Filing Location (Column C)**

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br><br>1, 4, 11<br>1, 4, 11 |

LASC CIV 109 Rev. 12/18

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3

Page 1 of 4

| SHORT TITLE: BENNETT V. GENERAL SCIENTIFIC CORPORATION dba SURGITEL | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1, 2 ③ |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: BENNETT V. GENERAL SCIENTIFIC CORPORATION dba SURGITEL | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

| SHORT TITLE: BENNETT V. GENERAL SCIENTIFIC CORPORATION dba SURGITEL | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address**:  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| **REASON:** ☐ 1. ☐ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: 309 Argonne Avenue |
|---|---|
| CITY: Long Beach | STATE: CA | ZIP CODE: 90814 | |

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the South_____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: February 16, 2022

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5.  Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

EXHIBIT "E"

# EXHIBIT "E"

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Governor George Deukmejian Courthouse<br>275 Magnolia Ave, Long Beach, CA 90802 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>02/16/2022<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ J. Ballesteros _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>22LBCV00069 |

<u>**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**</u>

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Michael P. Vicencia | S26 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 02/17/2022
    (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By J. Ballesteros_____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

EXHIBIT "F"

# EXHIBIT "F"

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Governor George Deukmejian Courthouse
275 Magnolia Ave, Long Beach, CA 90802

PLAINTIFF:
Jennie Bennett

DEFENDANT:
General Scientific Corporation, a Michigan corporation

| Reserved for Clerk's File Stamp |
|---|
| **FILED** |
| Superior Court of California |
| County of Los Angeles |
| 02/17/2022 |
| Sherri R. Carter, Executive Officer / Clerk of Court |
| By: J. Ballesteros Deputy |

## NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
22LBCV00069

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 07/18/2022 | Time: 8:30 AM | Dept.: S26 |
|---|---|---|

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 02/17/2022

Michael P. Vicencia / Judge
Judicial Officer

---

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in Long Beach , California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Claudette Villicana
1 Park Plaza, Suite 600

Irvine, CA 92614

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 02/17/2022

By J. Ballesteros
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Three

EXHIBIT "G"

# EXHIBIT "G"

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Governor George Deukmejian Courthouse<br>275 Magnolia Ave, Long Beach, CA 90802 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**02/17/2022**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ J. Ballesteros _____ Deputy |
| PLAINTIFF(S):<br>Jennie Bennett | |
| DEFENDANT(S):<br>General Scientific Corporation, a Michigan corporation | |
| **ORDER TO SHOW CAUSE HEARING** | CASE NUMBER:<br>22LBCV00069 |

To the party / attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on <u>05/03/2022</u> at <u>8:30 AM</u> in department <u>S26</u> of this court, <u>Governor George Deukmejian Courthouse</u>, and show cause why sanctions should not be imposed for:

[✔]    Failure to file proof of service.

Failure to comply or appear may result in sanctions pursuant to one or more of the following:  California Rules of Court, rule 2.30 and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[✔]    To avoid a mandatory appearance all required documents must be filed at least 5 days prior to the date of the hearing.

Dated: <u>02/17/2022</u>

_____
**Michael P. Vicencia / Judge**
Judicial Officer

**ORDER TO SHOW CAUSE HEARING**

LACIV 166 (Rev. 09/08)
LASC Approved 06-04

Cal. Rules of Court, rule 2.30
LASC Local Rules, Chapter 7

EXHIBIT "H"

# EXHIBIT "H"

1   **ODELL LAW, PLC**
    Robert A. Odell (SBN 286488)
2   rob@odelllaw.com
    Claudette Villicaña (SBN 325669)
3   cvillicana@odelllaw.com
    1 Park Plaza, Suite 600
4   Irvine, California 92614
    Telephone: (949) 833-7105
5   Fax: (949) 852-4480

6

7   Attorneys for Plaintiff
    JENNIE BENNETT
8

9

10                    SUPERIOR COURT FOR THE STATE OF CALIFORNIA

11                    COUNTY OF LOS ANGELES – UNLIMITED CIVIL

12

13  JENNIE BENNETT, an individual          Case No. 22LBCV00069

14          Plaintiff,                      **PROOF OF SERVICE**

15      vs.

16  GENERAL SCIENTIFIC CORPORATION, a
    Michigan corporation, dba SURGITEL; and DOES 1
17  through 50, inclusive,

18          Defendants.

19

20

21

22

23

24

25

26

27

28

                                    1

**PROOF OF SERVICE**
(C.C.P.§ 1013a (3); Revised 5/1/88)

1   STATE OF CALIFORNIA, COUNTY OF ORANGE

2       I reside and work in the County of Orange, State of California. I am over the age of 18 and

3   not a party to the action. My business address is 1 Park Plaza, Suite 600, Irvine, CA, 92614.

4       On March 9, 2022, I served the foregoing DOCUMENTS, described as

5       - **SUMMONS**
        - **COMPLAINT**
6       - **CIVIL CASE COVER SHEET**
        - **NOTICE OF ASSIGNMENT UNLIMITED CIVIL CASE**
7       - **NOTICE OF CASE MANAGEMENT CONFERENCE**
        - **ORDER TO SHOW CAUSE HEARING**

8

9   on each interested party in this action, by placing the true copies thereof enclosed in sealed
    envelopes addressed as follows:
10

11  Neil J. Juliar
    juliar@cmplaw.com
12  **Conlin, McKenney & Philbrick, P.C.**
    350 S. Main St. Suite 400
13  Ann Arbor, MI 48104
    Telephone: (734) 761-9000
14  Fax: (734) 761-9001

15  ***Attorneys for Defendant, GENERAL SCIENTIFIC CORPORATION dba SURGITEL***

16

17      ___ (BY MAIL) I am "readily familiar" with the firm's practice for collection and
    processing correspondence for mailing. Under that practice it would be deposited with the
18  Federal Express (FEDEX) on that same day with postage thereon fully prepaid at Irvine,
    California in the ordinary course of business. I am aware that on motion of the party served,
19  service is presumed invalid if postal cancellation date or postage meter date is more than
    one day after date of deposit for mailing in affidavit.

20      ___ (BY FAX) At      , I transmitted, pursuant to Rules 2001 et seq., the above-
21  described document by facsimile machine (which complied with Rule 2003(3)), to the
    above-listed fax number(s). The transmission originated from facsimile phone number
22  (949) 266-9388 and was reported as complete and without error. The facsimile machine
    properly issued a transmission report, a copy of which is attached hereto.

23      ___ (BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of
24  the addressee.

25      ___ (BY OVERNIGHT DELIVERY) I caused said envelope(s) to be delivered
    overnight via an overnight delivery service in lieu of delivery by mail to the addressee(s).

26

27

28
                                    2

1

___X___   (BY ELECTRONIC SERVICE) by transmitting via electronic mail the above

2
documents.

3
_____ (VIA ONELEGAL ELECTRONIC E-SERVICE SYSTEM) I transmitted via the
Internet a true copy(s) of the above-entitled document(s) to the OneLegal Electronic

4
Service and concurrently caused the above-entitled document(s) to be sent to the recipients
listed above pursuant to the E-Service List maintained by and as it exists on that database.

5
This will constitute service of the above-listed document(s).

6
Executed on March 9, 2022, at Irvine, California.

7
I declare under penalty of perjury, under the laws of the State of California, that the

8
foregoing is true and correct.

9

10

11
Claudette Villicaña

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT "I"

# EXHIBIT "I"

1  THERESA A. KADING (SBN 211469)
   Email: tkading@kadingbriggs.com
2  STANLEY G. STRINGFELLOW II (SBN 259047)
   Email:  sgs@kadingbriggs.com
3  KADING BRIGGS LLP
   100 Spectrum Center Drive, Suite 800
4  Irvine, California 92618
   Telephone: (949) 450-8040
5  Facsimile: (949) 450-8033

6  Attorneys for Defendant
   GENERAL SCIENTIFIC CORPORATION

7

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                        COUNTY OF LOS ANGELES

11

12  JENNIE BENNETT, an individual,          CASE NO.:  22LBCV00069

13              Plaintiff,                   Assigned for all purposes to
                                            the Hon. Michael P. Vicencia, Dept. S26
14        vs.
                                            **NOTICE TO ADVERSE PARTY OF**
15  GENERAL SCIENTIFIC                       **REMOVAL OF CIVIL ACTION TO**
    CORPORATION, a Michigan                  **UNITED STATES DISTRICT COURT**
16  corporation, dba SURGITEL; and           **PURSUANT TO 28 U.S.C. §§ 1332,**
    DOES 1 through 50, inclusive,            **1441, AND 1446 (DIVERSITY)**
17
18              Defendants.

19

20

21

22

23

24

25

26

27

28

1   TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

2

3          PLEASE TAKE NOTICE THAT a Notice of Removal of this action

4   was filed in the United States District Court for the Central District of California on

5   April 6, 2022.  A copy of said Notice of Removal and supporting exhibits are

6   attached to this Notice, and are served and filed herewith.

7

8   DATED:  April 6, 2022            KADING BRIGGS LLP

9

10

11  By: _____
                    THERESA A. KADING

12

13  Attorneys for Defendant
    GENERAL SCIENTIFIC CORPORATION

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

519718

NOTICE TO ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT

EXHIBIT "J"

# EXHIBIT "J"

1    THERESA A. KADING (SB # 211469)
     Email: tkading@kadingbriggs.com
2    STANLEY G. STRINGFELLOW II (SBN 259047)
     Email: sgs@kadingbriggs.com
3    KADING BRIGGS LLP
     100 Spectrum Center Drive, Suite 800
4    Irvine, California 92618
     Telephone: (949) 450-8040
5    Facsimile: (949) 450-8033

6    Attorneys for Defendant
     GENERAL SCIENTIFIC CORPORATION
7

8

9             SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                   COUNTY OF LOS ANGELES

11

| | |
|---|---|
| 12   JENNIE BENNETT, an individual, | CASE NO.: 22LBCV00069 |
| 13           Plaintiff, | Assigned for all purposes to |
| 14      vs. | the Hon. Michael P. Vicencia, Dept. S26 |
| 15   GENERAL SCIENTIFIC | **NOTICE TO STATE COURT OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446 (DIVERSITY)** |
| 16   CORPORATION, a Michigan corporation, dba SURGITEL; and DOES 1 through 50, inclusive, | |
| 17          Defendants. | |

18

19

20

21

22

23

24

25

26

27

28

519719

1   TO THE CLERK OF THE SUPERIOR COURT FOR THE COUNTY OF LOS

2   ANGELES:

3

4          Attached hereto as Exhibit "1" is a true and correct copy of the Notice

5   to Adverse Party of Removal of this action to the United States District Court for

6   the Central District of California.  The original Notice of Removal of Civil Action

7   to the United States District Court was filed with the United States District Court

8   for the Central District of California with the attached exhibits on April 6, 2022.

9

10         The filing of said Notice of Removal effects the removal of the above-

11  entitled action from this Court.

12

13  DATED:  April 6, 2022            KADING BRIGGS LLP

14

15                                  By:

16                                      THERESA A. KADING

17                                  Attorneys for Defendant
                                    GENERAL SCIENTIFIC CORPORATION
18

19

20

21

22

23

24

25

26

27

28